UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| FOSTER DAVIS, JR., | ) | |
|---|---|---|
| Petitioner, | ) | |
| | ) | Nos.  4:09-CR-19-HSM-SKL-1 |
| | ) | 4:17-CV-44-HSM |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Presently before the Court is a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Foster Davis, Jr. ("Petitioner") [Doc. 87] by which he seeks permission to challenge his career offender sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon initial consideration of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, it plainly appears from the motion and record that Petitioner is not entitled to relief. As a result, the United States will not be required to answer this motion and Petitioner's motion will be summarily dismissed *sua sponte* in accordance with Rule 4(b).

On May 14, 2010, Petitioner pled guilty to aiding and abetting the interference of commerce by robbery, in violation of 18 U.S.C. §§ 1951 and 2, and aiding and abetting the use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. A presentence investigation report ("PSIR") identified numerous prior convictions for a "crime of violence" that qualified Petitioner as a career offender under § 4B1.1 of the advisory United States Sentencing Guidelines ("USSG") [PSIR ¶¶ 25; 31–34]. On November 22, 2010, Petitioner was sentenced as a career offender to a total term of imprisonment of 262 months [Doc. 73 p. 3]. Petitioner did not take a direct appeal.

On June 24, 2016, Petitioner submitted a request to the Sixth Circuit Court of Appeals for permission to file a *Johnson* claim. On August 17, 2017, the Sixth Circuit, construing Petitioner's request as a motion for permission to file a second or successive § 2255 motion, denied the motion as unnecessary because he had not filed a prior § 2255 motion, and transferred Petitioner's request to this Court [Doc. 86]. Petitioner's transferred request for permission to file a *Johnson* claim was filed in this court as the pending § 2255 motion [Doc. 87].

In *Johnson*, the Supreme Court determined that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague and concluded "that imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. Petitioner's pending § 2255 motion seeks to raise a *Johnson* claim challenging his sentence as a career offender on the ground that the identically worded residual clause of the USSG likewise is void for vagueness.

Petitioner's claim, however, is foreclosed by the decision of the United States Supreme Court in *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), which explicitly held that the advisory sentencing guidelines "are not subject to a vagueness challenge under the Due Process clause" and that, as a result, the residual clause of the advisory USSG "is not void for vagueness." Because *Johnson* does not apply to the advisory USSG, *see Raybon v. United States*, 867 F.3d 625, 629 (6th Cir. 2017), *Beckles* conclusively establishes that Petitioner is ineligible for § 2255 relief under *Johnson*. Accordingly, Petitioner's § 2255 motion will be dismissed.

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2255 case only if he is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28

U.S.C. § 2253(c)(2). Where a claim has been dismissed on the merits, a petitioner must show that reasonable jurists would find the assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right, as jurists of reason would not debate the Court's finding that Petitioner's *Johnson* challenge to his career offender sentence is foreclosed by *Beckles*. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

  */s/ Harry S. Mattice, Jr.*
  HARRY S. MATTICE, JR.
  UNITED STATES DISTRICT JUDGE